UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KISTON V. WALTON, for and on behalf of**<br>**Kyren J. Walton** | **CIVIL ACTION** |
| **VERSUS** | **NO:  07-4179-MLCF-SS** |
| **MICHAEL J. ASTRUE, COMMISSIONER OF**<br>**SOCIAL SECURITY ADMINISTRATION** | |

### REPORT AND RECOMMENDATION

On August 17, 2007, the plaintiff, Kiston V. Walton ("Walton"), for and on behalf of her minor child, Kyren J. Walton, filed a complaint against the defendant, Michael J. Astrue, Commissioner of the Social Security Administration (the "Commissioner"), in which she contends that her child's claim for Social Security benefits was improperly denied.  Rec. doc. 1.

Walton is represented by counsel.  Id.  Although a summons was issued, there is no evidence of service in the record.  Rec. doc. 2.  The matter was set for the call docket on April 23, 2008.  Rec. doc. 4.  It was noted that a summons was issued, but there was no proof service.  The following provision from the Federal Rules of Civil Procedure was quoted in the call docket notice:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or upon its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant. . . .

Fed. R. Civ. P. 4(m).  The notice informed Walton that: (a) the deadline in Rule 4(m) had expired; and (b) if she did not file proof of service by April 23, 2008, it would be recommended that her complaint be dismissed without prejudice for failure to prosecute.  Rec. doc. 4.  Walton did not comply with the order.  The undersigned's staff contacted the office of counsel for Walton.  His

office reported that a motion to dismiss the action would be filed, but no motion was filed.

The authority of a federal trial court to dismiss a plaintiff's action because of her failure to prosecute is clear. See Link v. Wabash R. Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 1388 (1962). Fed. R. Civ. P. 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the court. Larson v. Scott, 157 F.3d 1030, 1032 (5th Cir. 1998). Such a dismissal is considered to be an adjudication on the merits. Hughes v. City of Houston, 78F.3d 983, 994 (5th Cir. 1996). The court's power to dismiss for want of prosecution should be used sparingly. See Ramsay v. Bailey, 531 F.2d 706, 707-08 (5th Cir. 1976), cert. denied, 429 U.S. 1107, 97 S. Ct. 1139 (1977). In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the court's order. Markwell v. County of Bexar, 878 F.2d 899, 902 (5th Cir. 1989). It appears that the responsibility for the failure to serve the Commissioner and to comply with the court's orders rests exclusively with counsel for Walton. Because Walton's responsibility for the delay appears minimal, it will be recommended that the action be dismissed without prejudice.

## RECOMMENDATION

Accordingly, IT IS RECOMMENDED that Walton's complaint be dismissed without prejudice for failure to prosecute.

## OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal

the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 8th day of May, 2008.

                                             **SALLY SHUSHAN**
                                       **United States Magistrate Judge**